IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| JAMES MILLS, III, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CASE NO. 4:14-CV-249-MSH |
| : | Social Security Appeal |
| CAROLYN COLVIN, : | |
| Commissioner of Social Security, : | |
| : | |
| Defendant. : | |

## ORDER

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Plaintiff's application for disability benefits, finding that he was not disabled within the meaning of the Social Security Act and Regulations. Plaintiff contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted. Both parties filed their written consents for all proceedings to be conducted by the United States Magistrate Judge, including the entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3).

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam).

"Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F. 3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F. 3d 1208, 1211 (11th Cir. 2005). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The Plaintiff bears the initial burden of proving that he is unable to perform his previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). The Plaintiff's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).[2] A Plaintiff seeking Social Security disability benefits must demonstrate that he suffers from an

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period.  42 U.S.C. § 423(d)(1).  In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a Plaintiff must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act.  20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a Plaintiff is disabled.  *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4).  First, the Commissioner determines whether the Plaintiff is working.  *Id.*  If not, the Commissioner determines whether the Plaintiff has an impairment which prevents the performance of basic work activities.  *Id.*  Second, the Commissioner determines the severity of the Plaintiff's impairment or combination of impairments.  *Id.*  Third, the Commissioner determines whether the Plaintiff's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing").  *Id.*  Fourth, the Commissioner determines whether the Plaintiff's residual functional capacity ("RFC") can meet the physical and mental demands of past work.  *Id.*  Fifth and finally, the Commissioner determines whether the Plaintiff's residual functional capacity, age, education, and past work experience prevent the performance of any other work.  In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling.  *Id.*  The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal.  *Id.*

## ISSUES

I.       Whether the ALJ properly determined that Plaintiff had no physical limitations on his ability to work.

II.      Whether the ALJ erred in failing to recognize and/or reconcile an alleged conflict between the VE's testimony and the Dictionary of Occupational Titles.

## Administrative Proceedings

Plaintiff applied for disability insurance benefits and supplemental security income on October 27, 2010, alleging disability as of August 25, 2009. Tr. 19, ECF No. 11-2. Plaintiff's application was denied initially and on reconsideration, and Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ"). The ALJ conducted a video hearing on January 15, 2013. *Id.* Following the hearing, the ALJ issued an unfavorable decision on February 4, 2013. Tr. 19-28. The Appeals Council ultimately denied Plaintiff's Request for Review on July 22, 2014. Tr. 1-3. This appeal followed.

## Statement of Facts and Evidence

After consideration of the written evidence and the hearing testimony in this case, the ALJ determined that Plaintiff had not engaged in substantial gainful activity as defined by the Act since the application date. Tr. 22. The ALJ found that Plaintiff had the severe impairments of status post brain aneurysm and mild mental deficiency. *Id.* The ALJ then determined that Plaintiff had no impairments or combination of impairments that met or medically equaled any one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.*

After consideration of the entire record, the ALJ found that Plaintiff retained the residual functional capacity to perform a full range of work involving the performance of simple, routine, and repetitive tasks. Tr. 25. Plaintiff had past relevant work as a kitchen helper and fry cook, and the ALJ elicited testimony from a vocational expert (VE) who opined that given the RFC formulated by the ALJ he could return to his past relevant work. Tr. 27-28. The ALJ therefore found that Plaintiff had not been under a disability as defined in the Act from August 25, 2009 through the date of the decision. *Id.*

## DISCUSSION

**I.  Did the ALJ properly determine that Plaintiff had no physical limitations on his ability to work?**

Plaintiff first argues that the ALJ's Residual Functional Capacity (RFC) assessment is not supported by substantial evidence in that it finds Plaintiff capable of a full range of work and only limits Plaintiff to simple, routine, and repetitive tasks. Pl.'s Br. 3, ECF No. 12. The Commissioner responds the substantial evidence supports the ALJ's RFC assessment. Comm'r's Br. 4, ECF No. 13.

In August 2009, Plaintiff was diagnosed with a cerebral artery aneurysm and underwent surgery. He was discharged on September 9, 2009. From that date to the date of his applications, Plaintiff received no treatment for headaches, which he contends occur daily and prevent him from working. The record is bereft of any evidence he sought care or treatment for headaches. There are no records of presentation to emergency rooms or indigent care facilities nor is there any record that he has been

prescribed medication or routinely relied on nonprescription medications to relieve what he contends is disabling pain.

After making the applications for disability insurance benefits and supplemental security income Plaintiff saw a neurologist, Jagdish Sidhpura, M.D., for a consultative examination. In the June 2011 examination, Plaintiff reported headaches but Dr. Sidhpura performed a neurological evaluation which was unremarkable. Nothing supports Plaintiff's claims of disabling headaches other than his subjective complaints. The ALJ properly discounted his credibility as to pain by noting that he has neither sought nor received care, treatment, or medication, prescription or nonprescription, for the headaches, and that the headaches do not impair his daily functioning to the extent he alleges. *Osborn v. Barnhart,* 194 F. App'x 662, 663 (11th Cir. 2006).

Plaintiff was also evaluated by Sher Schwartz, Ph.D., in a consultative psychological examination in March of 2011. Dr. Schwartz noted slow work on reading and writing tasks but found Plaintiff's overall cognitive functioning to be consistent with the requirements of his previous work. Tr. 296, 297. The ALJ's RFC assessment reflects these findings and therefore, as to the functional limitations caused by Plaintiff's nonexertional impairment, the objective evidence in the record is consistent with the RFC. Plaintiff's first assertion of error is without merit.

**II. Did the ALJ err in failing to recognize and/or reconcile an alleged conflict between the VE's testimony and the Dictionary of Occupational Titles?**

In his second asserted error, Plaintiff contends that the ALJ failed to reconcile a conflict between the VE's testimony and the Dictionary of Occupational Titles (DOT).

Pl.'s Br. 5.  According to the DOT, work as a fry cook or kitchen helper requires Reasoning Development Level Two.  This issue was addressed by the Eleventh Circuit in *Hurtado v. Commissioner of Social Security,* 425 F. App'x 793, 795-96 (11th Cir. 2011), which holds that limiting a claimant to simple, routine, and repetitive tasks does not conflict with VE testimony that a claimant can work at jobs that require Level Two reasoning ability.  Plaintiff correctly notes that Social Security Ruling 00-4p requires that an ALJ obtain an explanation from a VE when the VE's testimony and the DOT conflict.  However, under Eleventh Circuit precedent there is no conflict here and the ALJ had no obligation to further develop the evidence from the VE.  Plaintiff's second contention of error lacks merit.

## CONCLUSION

WHEREFORE, for the foregoing reasons, it is ORDERED that the determination of the Social Security Commissioner is AFFIRMED.

SO ORDERED, this 23rd day of March, 2015.

/s/ Stephen Hyles
UNTED STATES MAGISTRATE JUDGE